UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

───────────────────────

№19-CV-6075 (AMD) (RER)

───────────────────────

Trustees of the Northeast Carpenters Health, Pension, Annuity, Apprenticeship, and Labor Management Cooperation Funds,

Petitioners,

versus

Sabre Tile Corp.,

Respondent.

────────────────

**REPORT & RECOMMENDATION**

June 1, 2021

────────────────

To The Honorable Ann M. Donnelly
United States District Judge

**RAMON E. REYES, JR., U.S.M.J.:**

On October 29, 2019, the Trustees of the Northeast Carpenters Health, Pension, Annuity, Apprenticeship, and Labor Management Cooperation Funds ("Petitioners" or "ERISA Funds") filed a petition to confirm an arbitration award against Sabre Tile Corp. ("Respondent"). Petitioners seek to: (1) recover unpaid contributions and attendant damages owed by Respondent pursuant to Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. § 1132(a)(3), and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 185; (2) confirm and enforce an arbitrator's award rendered pursuant to a collective bargaining agreement ("CBA") between the

1

parties; and (3) be awarded attorney's fees and costs. For the reasons set forth below, I respectfully recommend that the arbitration award be confirmed, and that Petitioners be awarded $144,822.21, itemized as follows: (1) $143,647.21 for the remaining balance of the arbitration award; (2) $735 in attorney's fees; and (3) $440 in costs.

## BACKGROUND

Respondent, a New York corporation, entered a CBA with the Northeast Regional Council of Carpenters (the "Union") effective June 1, 2016 to May 31, 2021. (Dkt. No. 1-1 ("CBA") at 20). The CBA requires Respondent to make contributions to health, pension, and annuity funds. (Pet. ¶ 8; CBA Art. 14, 16). Petitioners are employer and employee trustees of multi-employer, labor-management trust funds organized in accordance with ERISA and LMRA, with their respective places of business in Hauppauge, New York ("the Funds"). (Pet. at ¶¶ 4-5).

Pursuant to the CBA, Respondent was required to submit to an audit of its books and records to confirm that it was in compliance with its contribution obligations. (Pet. ¶¶ 8-9; CBA Article 16). An audit was conducted covering the period of April 1, 2017 through March 10, 2019. (Pet. ¶ 17). The audit revealed that Respondent had failed to remit contributions in the principal amount of $168,229.01. (*Id.*). In or about August 2019, Petitioners recovered $75,000 pursuant to a benefits bond provided by Respondent. (*Id.* at ¶ 19). Based on this recovery, the principal deficiency contained in the audit was reduced to $93,229.01. (*Id.* at ¶ 20).

Pursuant to the Collection Policy incorporated by the CBA, Petitioners initiated arbitration to recover the remaining funds. (*Id.* ¶ 21). Petitioners mailed a copy of a Notice of Intent to Arbitrate Delinquency to Respondent by certified mail, informing Respondent of the place and date of arbitration (Dkt. No. 1-3). An arbitration hearing was held on September 25, 2019, and Respondent did not appear. (Dkt. No. 1-4 "Arbitration Award" at 1). On September 28, 2019, the arbitrator

2

issued an award, finding Respondent liable for $159,395.77 in deficient funds and attendant damages, itemized and discussed in detail below. (*Id*. ¶ 12). On October 29, 2019, Petitioners filed this Petition to confirm the award. (Entry Dated 10/29/2019). At the time of filing, Petitioners had only recovered $15,748.56 of the arbitrator's award, leaving a balance of $143,647.21. (Pet. ¶ 26). On August 5, 2020, Your Honor referred the Petition to me. (Entry Dated 08/05/2020).

## DISCUSSION

### I.     The Arbitration Award[1]

The "court's review of an arbitration award pursuant to a collective bargaining agreement is 'very limited.'" *Trs. Of Northeaster Carpenters Health, Pension, Annuity, Apprenticeship, & Lab. Mgmt. Cooperation Funds v. Excel Installations LLC*, No. 17-CV-4764 (JS) (GRB), 2018 U.S. Dist. LEXIS 29526, at *2 (E.D.N.Y. Feb. 21, 2018) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001), *R & R adopted by* 2018 U.S. Dist. LEXIS 57544 (Mar. 31, 2018). "Confirmation of an arbitration award is a 'summary proceeding that merely makes what is already a final arbitration award a judgment of the court . . . and the court must grant the award unless the award is vacated, modified or corrected.'" *Excel Installations*, 2018 U.S. Dist. LEXIS

---

[1] A petition to confirm an arbitration award "should [be] treated as akin to a motion for summary judgment based on the movant's submissions." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). Accordingly, the Court will review Petitioners' motion as if it were an unopposed motion for summary judgment. *See e.g., Trs. Of Northeaster Carpenters Health, Pension, Annuity, Apprenticeship, & Lab. Mgmt. Cooperation Funds v. Excel Installations LLC*, No. 19-CV-3012 (ERK) (SMG), 2019 U.S. Dist. LEXIS215950, at *5 (E.D.N.Y. Dec. 13, 2019). Here, no material issue of fact remains that would preclude summary judgment. The parties entered a collective bargaining agreement, in which Respondents agreed to make contributions to health, pension, and annuity funds. (CBA Art. 14, 16). Pursuant to the agreement, an audit revealed that Respondent was not making the required contributions. (Pet. ¶ 17). Petitioners then initiated arbitration to recover these funds, as required by the Collection Policy incorporated by the CBA. (*Id*. at 21). At the arbitration hearing, which Petitioner did not attend, the arbitrator reviewed evidence and determined that Respondent was bound by the CBA and that Respondent was liable for the contributions and damages permitted therein. (*See generally* Arbitrator's Award). The arbitrator then calculated those damages accordingly. Therefore, the Petitioners have established that there is "no issue of material fact that would warrant the preclusion of summary judgment." *Trs. Of the Northeast Carpenters Health, Pension, Annuity, Apprenticeship, & Labor Mgmt. Cooperation Funds v. Magnificent Concrete Inc.*, No. 17-CV-4285 (DRH) (AYS), 2018 U.S. Dist. LEXIS 120151, at *8 (E.D.N.Y. July 17, 2018).

29526, at *1 (quoting *D.H. Blair & Co. v. Gottdiener,*, 462 F.3d 95, 110 (2d Cir. 2006) (citing 9 U.S.C. § 9)). "[I]n evaluating the petition to confirm the [arbitration award], the Court need only ensure that the arbitrator had some grounds on which to grant the damages spelled out in the Award." *Trs. Of Empire State Carpenters Annuity v. Glidewell Therrien Constr., LLC*, No. 15-CV-3855 (ADS) (ARL), 2017 U.S. Dist. LEXIS 28370, at *8 (E.D.N.Y. Feb. 27, 2017) (quoting *Trs. of the Local 807 Labor Mgmt. Health Fund v. Express Haulage Co.*, No. 07-CV-4211 (NG) (CLP), 2008 U.S. Dist. LEXIS 85734, at *5 (E.D.N.Y. Oct. 23, 2008)). Specifically, "under the LMRA, an arbitration award should be upheld as long as it draws its essence from the collective bargaining agreement." *Trs. Of Northeaster Carpenters Health, Pension, Annuity, Apprenticeship, & Lab. Mgmt. Cooperation Funds v. Excel Installations LLC*, No. 19-CV-3012 (ERK) (SMG), 2019 U.S. Dist. LEXIS215950, at *6 (E.D.N.Y. Dec. 13, 2019) (citations omitted); *see also Garvey*, 532 U.S. at 509 (a labor-arbitration agreement should be upheld "if an 'arbitrator is even arguably construing or applying the contract and acting within the scope of his authority . . .'") (quoting *Eastern Associated Coal Corp. v. Mine Workers*, 531 U.S. 57, 62 (2000)). Therefore, "[o]nly a barely colorable justification for the outcome reached by the arbitrator is necessary to confirm the award . . ." *Excel Installations LLC*, 2018 U.S. Dist. LEXIS 29526, at *2 (quoting *D.H. Blair*, 462 F.3d at 110).

Here, the arbitrator had authority to issue the award; and the award both drew its essence from the collective bargaining agreement and provided more than "a barely colorable justification for the outcome reached." *D.H. Blair*, 462 F.3d at 110. Pursuant to the parties' CBA, arbitration was initiated after an audit revealed that Respondent had failed to make the contributions required by the agreement. (Pet.¶¶ 13, 17, 21; Arbitrator's Award at 2-3). Although Respondent did not participate in the arbitration proceedings, the arbitrator stated that it received "due notice."

4

(Arbitrator's Award at 1). At the hearing, the arbitrator reviewed the CBA, Collection Policy, and other evidence, including the results of the audit. (*See id.* at 1). Based on the evidence presented, the arbitrator determined that Respondent was bound to the CBA and "violated the terms of the [CBA] by failing to make its required contributions." (Arbitrator's Award at ¶¶ 6). The arbitrator then calculated additional damages based upon the provisions of the agreement (*Id.* at 11).The arbitrator accordingly determined that Respondent owed Petitioners $159, 395.77[2], itemized as follows: $93,229.01 in delinquent contributions (with the initial amount of $168,229.01 reduced by a $75,000 bond claim); $17,999.33[3] in interest on the amount of on the initial balance and $4,661.63 of additional interest on the current balance[4]; $33,645.80[5] in liquidated damages; $8,210.00 in audit fees; $900 in attorney fees; and $750 for the arbitrator fee. (Arbitrator's Award at ¶¶ 6, 12). Thus, the arbitrator's award was based on the contractual agreements within the CBA.

---

[2] The CBA provides that Respondent shall be responsible for the costs of the collection of delinquent contributions, including the costs of the audit, liquidated damages, interest, attorney fees, audit costs, and arbitration fees (CBA Art. 6 §§ 6.1-6.3, 16.5; Art. 16 § 5 ).

[3] Per the collection policy, interest is calculated at "the minimum rate of .75% per month (9% per year) compounded monthly . . ." (Collection Policy Art. 2 § D).

[4] It is unclear how the arbitrator arrived at these interest amounts, as documentation of the auditor's calculations was not provided. However, "even where 'it is unclear what formula or percentage the arbitrator used' in reaching the amount, if the court can infer 'that the arbitrator had some basis — documentary, testimonial or otherwise — on which to determine' the amount of interest, that amount should be awarded." *Trs. of Empire State Carpenters Annuity v. Town & Country Wood Flooring, LLC*, No. 13-CV-40 (DRH) (WDW), 2013 U.S. Dist. LEXIS 128394, at * (E.D.N.Y. Aug. 13, 2013) (quoting *Trs. of the Local 807 Labor-Mgmt. Health Fund v. Express Haulage Co.*, No. 07-CV-4211 (NG), 2008 U.S. Dist. LEXIS 119823, at *16-17 (E.D.N.Y. Sept. 3, 2008); *see also Trs. Of the Northeast Carpenters Health, Pension, Annuity, Apprenticeship, & Labor Mgmt. Cooperation Funds v. Magnificent Concrete Inc*., No. 17-CV-4285 (DRH) (AYS), 2018 U.S. Dist. LEXIS 120151, at *10 (E.D.N.Y. July 17, 2018) (noting that although Petitioners may not have submitted all documentation used to support the arbitrator's award, "there is no reason to doubt the arbitrator's interpretation of those materials." (citation omitted). Here, the arbitration award states that the "[e]vidence produced at [the] hearing established the Funds' right to pursue collection of the deficiency and/or delinquent amounts and, in addition, for costs associated with collection of benefits through the established arbitration procedures." (Arbitrator's Award ¶ 11). Accordingly, I defer to the arbitrator's calculation here, and respectfully recommend that Petitioners be awarded the $17,999.33 and $4,661.63 in respective interest on the unpaid contributions.

[5] Per the CBA, liquidated damages are equal to 20% of the delinquent contributions. (CBA Art. 6 § 6.1). $168,229.01 (contributions owed) X .2 = $33,645.80

5

The award has not been vacated, modified, or corrected. (Pet. ¶ 24). Therefore, the award should be upheld. *Excel Installations LLC*, 2018 U.S. Dist. LEXIS 29526, at *1. Petitioners claim that they have received $15,748.56 in contributions and interested owed by Respondent. (Pet. ¶ 26). Accordingly, I respectfully recommend that Petitioners be awarded $143,647.21, equal to the remaining balance of the award.[6]

## II.  Attorney's Fees and Costs

The CBA provides that Petitioners are entitled to reasonable attorney's fees and costs expended to collect contributions. (CBA Art. 16 § 5). Petitioners seek an award of $1,210 in attorney's fees and costs arising out of this petition. (Pet.¶ 34). "[W]hen a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *Trs. of the Northeast Carpenters Health, Pension, Annuity, Apprenticeship, & Lab. Mgmt. Cooperation Funds v. Drywall & Acoustics of Northeast, Inc.,* No. 19-CV-4600 (NG) (RML), 2019 U.S. Dist. LEXIS 196714, at *8-9 (E.D.N.Y. Nov. 12, 2019) (quoting *Int'l Chem. Workers Union v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)). Since Respondent has not appeared in this action or the previous arbitration hearings, fees and costs are warranted. *Drywall*, 2019 U.S. Dist. LEXIS 196714, at *9.

### a.  Attorney's Fees

In the Second Circuit, the prevailing party can recover a "presumptively reasonable fee," which is calculated by multiplying the hours counsel reasonably spent on the litigation, by a "reasonable hourly rate." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*,

---

[6] $159, 395.77 - $15,748.56 = $143,647.21

6

522 F.3d 182, 183 (2d Cir. 2008). The fee application must be supported by "contemporaneous time records" that specify "for each attorney, the date, the hours expended, and the nature of the work done." *Koon Chun Hing Kee Soy & Sauce Factory v. Kun Fung USA Trading Co.*, No. 07-CV-2568 (JG) (SMG), 2012 U.S. Dist. LEXIS 68117, at *34 (E.D.N.Y. Jan. 20, 2012); *N.Y.S. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). "The party seeking reimbursement of attorney[s'] fees bears the burden of proving the reasonableness and necessity of the hours spent and rates charged." *Dacas v. Duhaney*, No. 17-CV-3568 (EK) (SMG), 2020 U.S. Dist. LEXIS 107943, at *5 (E.D.N.Y. June 18, 2020) (quoting *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 52 (E.D.N.Y. 2015); *see generally N.Y.S. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).

### i. Reasonable Hours Expended

Petitioner has submitted billing records detailing the dates, hours, and nature of the work performed. Below is a chart of the fees and hours requested for each employee:

| Name | Requested Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Nicole Marimon, Esq. | $300/hour | 2.3 | $690 |
| "JB" | $100/hour | .5 | $50 |
| | **TOTAL** | **2.8** | **$740** |

(Pet.¶¶ 29-32 Dkt. No. 1-5).

It must first be determined if the requested hourly rates are reasonable. A reasonable hourly rate reflects "what a reasonable, paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 184. "This rate should be based on rates 'prevailing in the community for similar services of lawyers of reasonably comparable skill, experience and reputation.'" *Dacas*, 2020 U.S. Dist.

7

LEXIS 107943, at *5 (quoting *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998)) (collecting cases).

### Nicole Marimon

Nicole Marimon ("Marimon") is a 2014 graduate of Fordham Law School and a partner at Virginia & Ambinder, LLP. (Pet.¶ 29). She has "served as lead counsel on numerous ERISA collection actions." (Pet.¶ 29). She requests an hourly rate of $300. As for reasonable hourly rates in comparable cases, this District has awarded $225-275 for associates in ERISA cases, and $200-350 for partners. *See e.g.*, *Drywall*, 2019 U.S. Dist. LEXIS 196714, at *10 (awarding $225 per hour for associates and $300 per hour for partners in an ERISA case to confirm an arbitration award); *Bakery & Confectionery Union & Indus. Int'l Pension Fund v. Ges Bake Shop, Inc.*, 2014 U.S. Dist. LEXIS 39143, at *26 (E.D.N.Y. Mar. 6, 2014) (finding an associate attorney rate of $275 per hour reasonable in an ERISA default judgment matter); *Gesualdi v. Giacomelli Tile Inc.*, 2010 U.S. Dist. LEXIS 27644, at *3 (E.D.N.Y. Mar. 18, 2010) (finding a partner rate of $200–$350 per hour reasonable in such a case). Accordingly, I find her requested hourly rate of $300 to be reasonable.

### Legal Assistant

Petitioners did not provide the qualifications or experience of the legal assistant listed on the billing records as "JB." "The average compensation rate for non-attorney support staff is $90 per hour in this district." *Martinez v. City of New York*, 330 F.R.D. 60, 71 (E.D.N.Y. 2019) (collecting cases); *Hernandez v. Delta Delt Mkt. Inc.,* No. 18-CV-375 (ARR) (RER), 2019 U.S. Dist. LEXIS 23756, at *25 (E.D.N.Y. Feb. 12, 2019) ("courts in the Eastern District have found that $90-$100 is a reasonable rate for paralegals.") Further, when the qualifications of a legal assistant are not

8

submitted with the request for fees, a rate of $90 per hour is appropriate. *See Lopez v. 1923 Sneaker*, No. 18-CV-3828 (WFK) (RER) 2021 U.S. Dist. LEXIS 43615, at *29 (E.D.N.Y. Mar. 5, 2021) (awarding $90 per hour to a paralegal when his qualifications were not provided). Accordingly, I respectfully recommend that the legal assistant's hourly rate be reduced to $90 per hour.

**ii. Reasonable Hours Expended**

"The second component of calculating attorney's fees is determining the reasonable number of hours expended on the litigation." *Hernandez*, 2019 U.S. Dist. LEXIS 23756, at *25. "In determining the proper number of hours for which a party should be compensated, the court 'should exclude excessive, redundant or otherwise unnecessary hours.'" *Elvey v. Silver's Crust West Indian Rest. & Grill, Inc.,* No. 18-CV-126 (FB) (VMS), 2019 U.S. Dist. LEXIS 112908, at *13 (E.D.N.Y. July 3, 2019) (quoting *Quaratino v. Tiffany Co.*, 166 F.3d 422, 425 (2d Cir. 1999)). Here, the billing records and accompanying descriptions establish the reasonableness of the 2.8 hours expended on this action. Accordingly, based on the above reduced rates, the attorney fees should be adjusted as follows:

| Name | Requested Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Nicole Marimon, Esq. | $300/hour | 2.3 | $690 |
| "JB" | $90/hour | .5 | $45 |
| | **TOTAL** | **2.8** | **$735** |

**ii. Costs**

It is presumed that Petitioners request $470 in costs.[7] "The Court cannot simply accept at face value the other costs that plaintiff's counsel seeks, such as service of process . . . without additional supporting documentation for those costs." *Piedra v. Ecua Rest., Inc.*, No. 17-CV-3316 (PKC) (CLP), 2018 WL 1136039, at *20 (E.D.N.Y. Jan. 31, 2018), *R & R adopted as modified in other respects by* 2018 WL 1135652 (Feb. 28, 2018). Petitioner did not submit any receipts for litigation related expenses. The proof of service, however, indicates that the $40 service charge was paid by Petitioners. (Dkt. No. 9). The court can also take judicial notice of the $400 filing fee, since the receipt is on the court's docket. (*See* Entry Dated 10/29/2019: "Filing Fee $400, receipt number ANYEDC-11989316."). For these reasons, I respectfully recommend that Petitioners be awarded $440 in costs.[8]

## CONCLUSION

For the reasons set forth above, I respectfully recommend that the arbitrator's award be confirmed, and Petitioners be awarded $144,822.21, itemized as follows: (1) $143,647.21 for the remaining balance on the arbitration award; (2) $735 in attorney's fees; and (3) $440 in costs. Petitioners' counsel is hereby directed to serve copies of this Report and Recommendation upon Respondent by regular and certified mail and to file proof of service with the Clerk of the Court. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Ann M. Donnelly within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. §

---

[7] $1,210 in requested attorney's fees and costs - $740 in requested attorney's fees = $470

[8] $400 filing fee + $40 service fee = $440

636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED.

*Ramon E. Reyes, Jr.*

RAMON E. REYES, JR.
United States Magistrate Judge

Dated: June 1, 2021
Brooklyn, NY